IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ANTHONY D. JOHNSON,

    Petitioner,

v.                                                    Case No. 5:19-cv-00911

SOUTHERN REGIONAL JAIL AND
CORRECTIONAL FACILITY,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Petitioner's Letter-Form Motion for a Writ of Habeas Corpus (ECF No. 1), which has been construed to have been brought pursuant to 28 U.S.C. § 2241 because Petitioner is challenging his pre-trial confinement. This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.    BACKGROUND

At the time he filed the instant petition, Petitioner was incarcerated as a pre-trial detainee at the Southern Regional Jail and Correctional Facility on controlled substance offenses pending in the Circuit Court of Raleigh County, West Virginia. The petition asserts that Petitioner's right to due process of law was violated because the magistrate who presided over his preliminary hearing found probable cause and bound the matter over to a grand jury without probable cause. (ECF No. 1 at 1-2). Accordingly, Petitioner sought a reversal of the magistrate's decision and the dismissal of the criminal charges. (*Id.* at 2).

According to the docket sheet from Petitioner's criminal case in the Circuit Court of Raleigh County, West Virginia (which is attached hereto as "Exhibit A" and of which this court may take judicial notice), on or about December 23, 2019, Petitioner's case was bound over from the Magistrate Court of Raleigh County to the Circuit Court of Raleigh County and was assigned Case No. 19-B-574. *State v. Johnson*, No. CC-41-2019-B-574, Docket No. 1 (Raleigh Cnty. Cir. Ct. Dec. 23, 2019). Then, on or about February 4, 2020, the charges were dismissed without prejudice. *Id.*, Docket No. 5. Thus, it appears that Petitioner is no longer in custody on those charges.

## II.   DISCUSSION

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). However, this court is unable to grant Petitioner his requested relief under 28 U.S.C. § 2241 for several reasons. First, as a pre-trial detainee, Petitioner's exclusive federal remedy for alleged unconstitutional confinement was to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), naming his custodian as the respondent, as he did here, but only *after* fully exhausting his state remedies. Although section 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary prior to filing a section 2241 petition in federal court. *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975). There is no indication that Petitioner had filed any appeal or original jurisdiction petitions in the Supreme Court of Appeals of West Virginia or sought any state habeas corpus remedies prior to filing the instant section 2241 petition. Thus, his petition must be dismissed as premature and unexhausted. *See Galloway v.*

*Stephens*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.")

Moreover, it appears that Petitioner is no longer in custody on the charges that led to his detention that is the subject matter of this petition, as such charges were dismissed without prejudice. Therefore, the instant petition appears to be moot. The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U.S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 710 F.2d 689, 693-94 (4th Cir. 1983). When a case or controversy no longer exists, the claim is said to be moot.

In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D.W. Va. 2007). As Petitioner is no longer in custody on the Raleigh County controlled substance charges, this federal court is no longer able to grant his requested relief.

### III. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Petitioner's Letter-Form Petition for a Writ of Habeas Corpus (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at his last known address.

April 25, 2022

Dwane L. Tinsley
United States Magistrate Judge